989 F.2d 1202
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald E. BUCKLES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3610.
 United States Court of Appeals, Federal Circuit.
 Feb. 9, 1993.
Rehearing Denied March 5, 1993.
 
 Before LOURIE, CLEVENGER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald E. Buckles petitions for review of the final decision of the Merit Systems Protection Board (MSPB or Board), Docket No. DC831E920191-I-1, affirming the reconsideration decision of the Office of Personnel Management (OPM) that denied petitioner's claim of entitlement to a disability retirement annuity as untimely filed. We affirm.
 
 
 2
 Mr. Buckles was employed with the Department of the Navy (Navy) between March 25, 1966 and May 16, 1970, on which date he transferred to the Federal Aviation Administration (FAA). Mr. Buckles was separated from the FAA on August 3, 1973, after he declined to accept a reassignment. On February 10, 1974, Mr. Buckles appealed the FAA's separation action to the United States Civil Service Commission (CSC), and briefed the issues. The CSC Board of Appeals and Review sustained the FAA's action in a decision dated July 5, 1974.*
 
 
 3
 Mr. Buckles was reemployed by the Navy on February 24, 1975. On August 14, 1976, Mr. Buckles voluntarily resigned from his position with the Navy and so ended his federal career.
 
 
 4
 On September 13, 1989 via letter, Mr. Buckles inquired of OPM about the status of his application for disability retirement benefits that he had allegedly filed on September 6, 1988. After further correspondence, OPM denied his claim, stating that OPM had no record of his filing the required application. Mr. Buckles' appeal of OPM's denial of his claim to the MSPB was dismissed as moot after OPM received a subsequently completed application for retirement benefits from Mr. Buckles on October 10, 1991. Buckles v. Office of Personnel Management, MSPB No. DC831E910707-I-1 (Oct. 16, 1991).
 
 
 5
 On November 19, 1991, on reconsideration of its earlier denial of his claim, OPM again rejected Mr. Buckles' claim, concluding that the then-received application was untimely filed, and a waiver of the time limit was not warranted under the circumstances. Mr. Buckles timely appealed that decision to the Board.
 
 
 6
 On March 27, 1992, the Administrative Judge (AJ) issued an initial decision affirming OPM's denial on two grounds. First, an application for disability retirement benefits must be filed with OPM either before the date on which federal employment ends, or within one year thereafter. 5 U.S.C. § 8337(b) (1988). Because Mr. Buckles' application was received long after August 13, 1977, one year from the date of termination of his federal employment, Mr. Buckles' application was untimely. Buckles v. Office of Personnel Management (Buckles II), MSPB No. DC831E920191-I-1, slip op. at 3-4 (Mar. 27, 1992). Moreover, the AJ found that the briefs filed in connection with Mr. Buckles' August 1973 separation from the FAA could not be considered as applications for retirement benefits. Id.
 
 
 7
 Second, OPM can only waive the one-year time limit in section 8337(b) for an employee who, at the date of separation from service or within one year thereafter, is "mentally incompetent, if the application is filed with [OPM] within 1 year from the date of restoration of the employee ... to competency...." 5 U.S.C. § 8337(b). The AJ found that the evidence of "internal hemorrhaging" presented by Mr. Buckles (i) did not demonstrate the existence of a mental or emotional condition, Buckles II, slip op. at 5; and (ii) could not provide a basis for requiring either employing agency to apply for disability retirement benefits on his behalf, id., since an agency has such an obligation only if it has reason to believe that the employee may be "totally disabled for useful and efficient service...." 5 C.F.R. § 831.1203(c) (1976); see Lizut v. Department of Army, 717 F.2d 1391, 1393-94 (Fed.Cir.1983).
 
 
 8
 The AJ's decision became the final decision of the Board when the full Board denied Mr. Buckles' subsequent petition for review on August 11, 1992. See 5 C.F.R. § 1201.113(b) (1992). Mr. Buckles timely appealed to this court.
 
 
 9
 We review the Board's decision under a narrow standard, and must affirm unless the decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 10
 We find nothing in the record before this court that satisfies this narrow standard of review. Accordingly, the judgment of the MSPB is affirmed.
 
 
 
 *
 On June 19, 1978, Mr. Buckles filed a brief to petition the CSC to reopen and reconsider the decision of the CSC Board of Appeals and Review on the basis of newly discovered evidence. The disposition of this motion is unclear from the record